# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MIAMI-LUKEN, INC.,                         Case No. 1:16-mc-012

         Plaintiff,                      Dlott, J.
                                           Bowman, M.J.

     v.

UNITED STATES
DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION

         Defendant.

## REPORT AND RECOMMENDATION

This miscellaneous action was referred to the undersigned magistrate judge when it was first filed more than two years ago. Currently pending is Miami-Luken's motion to enforce this Court's April 21, 2017 Order (Doc. 37) and the DEA's second Rule 60(b)(5) motion to set aside that same Order (Doc. 38). I now recommend that Miami-Luken's motion be GRANTED and that the DEA's most recent motion be DENIED.

### I.    Background[1]

This case was initiated on May 18, 2016, when Plaintiff Miami-Luken, Inc. ("Miami-Luken") filed an "emergency motion" seeking to compel the Drug Enforcement Administration ("DEA") to comply with an administrative subpoena[2] issued by Chief Administrative Law Judge ("CALJ") John J. Mulrooney.[3] However, the administrative proceedings that led to this federal litigation began much earlier.

---

[1] The same background was set forth in the Report and Recommendation filed on August 1, 2017 but is repeated for the convenience of the Court.
[2] Virtually all administrative subpoena disputes that percolate up to the federal court level involve investigatory subpoenas, not adjudicatory subpoenas like the one at issue in this case. The differences between the two types were discussed in the prior Order of this Court. Thus, at the outset, the undersigned acknowledges (as do the parties) that there is little if any case law precisely on point. (See Doc. 23 at 11).
[3] Judge Mulrooney is the first author of *Drug Diversion Administrative Revocation and Application Hearings for Medical and Pharmacy Practitioners: A Primer for Navigating Murky, Drug-infested Waters*, 78 Alb. L. Rev. 327 (2015). He currently presides as the DEA CALJ, but his public service career includes prior

Plaintiff Miami-Luken is a Dayton Ohio pharmaceutical wholesaler with a DEA registration that permits it to operate its business. For at least a decade,[4] Plaintiff has been under DEA scrutiny for "facilitat[ing] the diversion of significant quantities of the highly addictive pain killers, oxycodone and hydrocodone." (Doc. 11 at 2.) The Court takes judicial notice of the fact that the referenced prescription drugs are among a class of opioids that have been commonly recognized as contributing to an ongoing opioid crisis in the United States. Over the course of its investigation, the DEA has issued numerous investigatory subpoenas to Miami-Luken, requiring the production of documents to DEA investigators, primarily in the Cincinnati, Ohio office.

The DEA conducts administrative, civil, and criminal proceedings. Among the administrative tools that the DEA has employed to combat the opioid crisis are immediate suspension orders and revocation orders. Although an immediate suspension order may be entered without a hearing, revocation orders involve a different administrative process. *Compare* 21 U.S.C. § 824(c) and (d). On November 23, 2015, the DEA issued an Order to Show Cause ("OSC") against the Plaintiff to begin the process of revoking the Plaintiff's registration to distribute controlled substances under a provision of the Controlled Substances Act, as "inconsistent with the public interest." (Doc. 1-2.); *see* 21 U.S.C. § 824(a)(4). As part of the revocation process, an evidentiary hearing (at which the DEA bears the burden of proof) was scheduled by CALJ Mulrooney to take place on May 10, 2016. *See* 21 C.F.R. §1301.44(e).

---

practice as an Assistant U.S. Attorney, a Department of Justice/INS trial attorney, an assistant district attorney, a Navy judge advocate, and a judicial law clerk, as well as service as a judge on the Navy-Marine Corps Court of Criminal Appeals and as an administrative law judge at the Social Security Administration. *Id.* at n.a1.

[4]Although precise dates are not clear from the record of this Court, the investigation appears to have begun in 2007 or 2008. The DEA generally alleges that Miami-Luken illegally distributed hundreds of thousands, if not millions, of dosage units of oxycodone and hydrocodone in the Appalachian region of Ohio, Kentucky, and West Virginia, and that it will continue to do so until such time as its registration is revoked. (Doc. 11 at 9, additional citation omitted).

Prior to that revocation hearing, Miami-Luken filed a Request for Issuance of a Subpoena (Doc. 1-3) that sought a large number of DEA records that Plaintiff asserted were necessary to adequately defend itself. An ALJ has the power to receive evidence and to issue subpoenas to compel the attendance of witnesses and the production of materials "necessary" for the hearing. *See* 21 C.F.R. §1316.52(d). However, administrative revocation hearings do not include the type of discovery process that is available to civil litigants in this Court. Citing that principle, the DEA objected to the issuance of an adjudicatory subpoena that would require the DEA to produce any records, other than those that the DEA itself planned to use at the hearing. In an April 12 omnibus order denying Miami-Luken's request, CALJ Mulrooney agreed that the subpoena was "simply too broad," with portions amounting to an impermissible "fishing expedition" (Doc. 1-4 at 14). However, the CALJ denied the request without prejudice to Miami-Luken to amend its request by April 18, 2016. (Doc. 1-4 at 16, n.24).

On April 18, 2016, Miami-Luken timely submitted a Supplemental Request for Issuance of a Subpoena, requesting four specific categories of documents. (Doc. 1-5). The same day, without awaiting any additional response from the DEA, the CALJ granted the amended request and issued the subpoena, directing DEA to produce three of the four categories of documents prior to the administrative hearing. (Doc. 1-6). On May 3, the DEA filed a motion for reconsideration or, in the alternative, for leave to file an interlocutory appeal to the DEA Administrator. (Doc. 1-8). In part, the DEA argued that to comply with the subpoena would cause the DEA "irreparable harm." (*Id.*)

On May 4, 2016, the CALJ denied the DEA's motion, refusing either to reconsider the issuance of the subpoena or to allow an interlocutory appeal. (Doc. 1-9). Instead, the CALJ held that to the extent that the DEA wished to further contest the subpoena, further

arguments "are properly made only before a 'court of the United States.'" (*Id.* at 7). The Office of Chief Counsel for the DEA filed a "Government Notice" in response to the CALJ's May 4 order on the same day, which "respectfully decline[d] to comply" with the subpoena. (Doc. 1-10).

In response to the DEA's refusal to comply with the subpoena issued by CALJ Mulrooney, Miami-Luken requested a stay of the scheduled hearing, and the CALJ granted that request. (Doc. 1-11). It is this Court's understanding that a stay of the revocation proceeding at the administrative level remains in effect.

As stated, after the DEA refused to comply with the subpoena, Miami-Luken filed an "emergency motion" in this Court seeking to enforce the subpoena as necessary to the hearing in part on due process grounds. The DEA vigorously defended its refusal to comply with the subpoena, arguing that its issuance contravenes "decades of practice and precedent regarding the scope of disclosures that are required or appropriate in DEA administrative proceedings." (Doc. 11 at 10). More than two years ago, on July 15, 2016, the undersigned filed a Memorandum Order that granted in part Plaintiff's motion to enforce the administrative subpoena. The undersigned directed the DEA to comply with the subpoena within 21 days but modified it by substantially narrowing its scope. (Doc. 15). Thus, the undersigned directed production of only two categories of materials and permitted the DEA to reasonably redact documents that protected "sensitive information in …investigative reports not relevant to the [DEA's] findings as they relate to Miami-Luken – for example, investigatory techniques." (Doc. 15 at 18).

On July 29, 2016, U.S. District Judge Dlott granted the DEA's unopposed motion to stay the Order pending the Court's ruling on Objections. Following full briefing by the parties, Judge Dlott granted the DEA's request for oral argument on its Objections, setting

a hearing for February 17, 2017. (Doc. 23). On April 21, 2017, after considering "de novo all the filings in this matter," Judge Dlott overruled the DEA's Objections and adopted the undersigned's Memorandum Order.[5] Judge Dlott's Order was final, and terminated the case in this Court. (Doc. 24).

The entry of the April 21, 2017 Order enforcing the subpoena reinstated the 21-day clock for the DEA to comply with that subpoena, as modified. However, on the last date for compliance, the DEA filed an "Emergency Motion to Stay" seeking to excuse any further compliance with the Court's final Order. The DEA's motion stated that the DEA Acting Administrator had issued a May 12, 2017 order that purported to quash the subpoena issued by CALJ Mulrooney. Because this Court's Order directed the DEA to comply with a subpoena that allegedly had been quashed, the DEA stated its intention to move for Rule 60(b) relief from this Court's judgment. On May 16, 2017, Judge Dlott granted the DEA's motion for a temporary emergency stay "pending the later of (i) the resolution of the DEA's forthcoming motion for relief from judgment or (ii) any appeal of the Court's judgment has been resolved." (Doc. 26).

Notably, the DEA did not file any timely appeal of this Court's final April 21, 2017 Order enforcing the subpoena to the Sixth Circuit. Instead, after the DEA Administrator purported to quash the subpoena, the DEA filed a Rule 60(b)(5) motion seeking relief from this Court based upon "changed circumstances." On June 14, 2017, Judge Dlott

---

[5]The Memorandum Order filed by the undersigned on July 15, 2016 determined that the enforcement of an administrative subpoena was a non-dispositive matter that did not require a Report and Recommendation. In adopting the Memorandum Order over the DEA's objections, Judge Dlott appears to have concurred with that analysis. In light of the issues of law presented and Judge Dlott's express statement that she conducted a "de novo" review of the same, however, any distinction between the original filing of an Order or R&R was rendered moot.

referred all post-trial motions to the undersigned for initial consideration and a Report and Recommendation ("R&R"). (Doc. 31).[6]

Around the same time that the DEA filed its first Rule 60(b)(5) motion seeking to set aside this Court's April 21, 2017 Order enforcing the subpoena based upon the DEA Administrator's May 12, 2017 order "quashing" that same subpoena, Miami-Luken independently appealed the DEA Administrator's unconventional order to the Sixth Circuit Court of Appeals. *See Miami-Luken, Inc. v. DEA*, Case No. 17-3614.[7]

On August 1, 2017, the undersigned filed an R&R recommending that the DEA's Rule 60(b) motion be denied "without prejudice to renew (if appropriate) following the conclusion of the related case in the Sixth Circuit." (Doc. 33 at 16, emphasis added). The R&R explained the limited circumstances in which a second motion *might* be appropriate:

> While the undersigned has explained the basis for recommending denial of the Defendant's Rule 60(b)(5) motion at this point in time, the undersigned is well aware of the Plaintiff's independent challenge to the DEA Administrator's May 12, 2017 Order that remains pending in the Sixth Circuit Court of Appeals. In the event that the Sixth Circuit affirms the DEA Administrator's Order quashing the subpoena that underlies this Court's Order, then the DEA will be able to carry its burden under Rule 60(b) to show that enforcement of the April 21, 2017 Order is no longer equitable. However, as the matter currently stands, the DEA has fallen short of that burden.

(Doc. 33 at 16, emphasis added)

On October 24, 2017, the presiding district judge adopted the R&R in its entirety for the opinion of the Court, including the explanation that the DEA's motion was denied without prejudice to renew only "if appropriate" based upon the referenced possible

---

[6]An R&R is necessary because 28 U.S.C. § 636(b) authorizes disposition by order only of pretrial matters. This miscellaneous case was closed with the April 21, 2017 final Order of enforcement. A Rule 60(b) motion to set aside that Order is not a "pretrial matter."
[7]As this Court noted at the time, the related appeal had the possibility of impacting this case but did not stay proceedings in this Court.

outcome of the related Sixth Circuit case. Just as it elected not to appeal this Court's original April 21, 2017 Order enforcing the subpoena, the DEA chose not to appeal the Court's October 24, 2017 Order denying its first Rule 60(b)(5) motion.

On August 17, 2018, the Sixth Circuit issued a published opinion in the related case, *Miami-Luken, Inc. v. U.S. Drug Enforcement Administration*, 900 F.3d 738 (6th Cir. 2018). The first paragraph contains the holding:

> The Acting Administrator of the Drug Enforcement Administration ("DEA") issued an order purporting to quash an administrative subpoena issued to the agency by one of its own administrative law judges. The order to quash came at a remarkable time – after a federal district court had ordered the agency to comply with the subpoena. The parties dispute the Administrator's authority to issue the order. We lack authority to resolve the matter, however, because the Administrator's order was not a "final decision" within the meaning of 21 U.S.C. § 877. Accordingly, we DISMISS the petition for review for lack of jurisdiction.

*Id.* at 739.

Based on the Sixth Circuit's opinion, as well as the DEA's failure to appeal this Court's prior final Order enforcing the subpoena and denying the DEA relief under Rule 60(b)(5), Miami-Luken filed a "Motion to Enforce This Court's April 21, 2017 Order" on August 28, 2018. (Doc. 37). The DEA responded with a second "Renewed Motion for Relief from Judgment" in this Court, again citing Rule 60(b)(5). (Doc. 38).

The undersigned finds no basis for deviating from the analysis of the August 1, 2017 R&R denying the DEA's first Rule 60(b)(5) motion. Rather, Miami-Luken's motion to enforce the April 21, 2017 Order should be granted. Although the August 1, 2017 R&R acknowledged the future possibility of "changed circumstances" sufficient to satisfy the Rule 60(b)(5) standard if the Sixth Circuit Court of Appeals ultimately "affirm[ed] the DEA Administrator's Order quashing the subpoena that underlies this Court's Order" in the then-pending related case, the Sixth Circuit did no such thing. Instead, the Sixth Circuit

7

declined to review that DEA Order for lack of jurisdiction, while simultaneously characterizing the Administrator's Order as "remarkable" and as only "purporting to quash" the subpoena previously enforced by this Court. *Miami-Luken, Inc.*, 900 F.3d at 739.

The undersigned does not find the DEA's second motion to be "appropriate" on the record presented. It is astonishingly inappropriate. Because so much of the analysis contained in the August 1, 2017 R&R is directly applicable to the DEA's duplicative second Rule 60(b)(5) motion, the undersigned takes the unusual step of repeating much of her prior analysis nearly verbatim.[8]

## II.    Analysis

### A.  The DEA's Second Rule 60(b) Motion

Rule 60(b), Fed. R. Civ. P., provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" based on a list of specified reasons. Rule 60(b)(5), the provision under which the DEA ostensibly proceeds for a second time, offers relief if "the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable."

This Court issued a final Order on April 21, 2017 directing the DEA to immediately comply with the adjudicatory subpoena, as modified, and to produce certain materials to Miami-Luken. The DEA did not appeal this Court's Order, but also <u>refused to comply</u>. There is no dispute that to this date, this Court's April 21, 2017 Order has not been "satisfied, released or discharged," nor has it been "reversed or vacated" by a higher court in a manner that would justify Rule 60(b)(5) relief. Lacking any other basis for relief, in its

---

[8]The undersigned has not uniformly utilized quotation marks and block quotes in part due to slight variations in wording between this R&R and the August 1, 2017 version.

prior Rule 60(b)(5) motion and renewed motion, the DEA seeks relief from the April 21, 2017 Order on grounds that compliance is "no longer equitable." (Doc. 38; *see also* Doc. 27).

In its first Rule 60(b)(5) motion, the DEA maintained that only after this Court issued its April 21, 2017 Order did "the DEA Administrator [have] his first occasion to review the underlying administrative subpoena…." (Doc. 27 at 3). In denying the first Rule 60(b)(5) motion, the undersigned magistrate judge rejected that portion of the DEA's reasoning as "disingenuous." (Doc. 33 at 8). Still, the DEA reasoned that its Acting Administrator possessed the authority to quash the underlying administrative subpoena even *after* being directed to comply with that same subpoena by this Court. The DEA maintained that its Acting Administrator acted appropriately in purportedly quashing the subpoena after this Court's Order in part because the CALJ allegedly had exceeded his authority in issuing the subpoena, and the requested documents were not relevant, material or necessary for the upcoming administrative hearing. Of course, the same reasons cited for purportedly quashing the subpoena previously had been argued and rejected by this Court when it issued the April 21, 2017 Order and upheld the subpoena as valid and enforceable. Nevertheless, relying on "changed conditions" (its Administrator's purported quashing of the subpoena after this Court ordered it to be enforced), the DEA claimed that Rule 60(b)(5) relief should be granted.

The undersigned recognizes, as she previously did in her Memorandum Order of July 15, 2016 and in the August 1, 2017 R&R, that important issues of policy loom large in this case. The issues underlying the subpoena are of first impression in the Sixth Circuit (if not nationally), and both parties stress the far-reaching impact of their dispute in the broader context of DEA's continuing efforts to curb the opioid epidemic. (*See, e.g.*, Doc.

18 at 3: "[T]he stakes are high; on the line is not merely DEA's one-time compliance with an adjudicatory subpoena, but rather the effective functionality of the administrative process for revoking and suspending the registrations of entities that illegally import, manufacture, distribute, or dispense controlled substances." and Doc. 23 at 15, noting issues are "very rare" and "of first impression").

Regardless of the significance of the underlying issues presented, however, as previously stated in the August 1, 2017 R&R and as quoted with approval by the Sixth Circuit, "review of this Court's Orders is appropriate only by an appellate court." *Miami-Luken, Inc.*, 900 F.3d at 740 (quoting Doc. 33 at 8). Whatever its reasons, the DEA elected not to appeal this Court's April 21, 2017 Order of enforcement to the Sixth Circuit. *See Miami-Luken, Inc.*, 900 F.3d at 742 (confirming that this court's enforcement order regarding the subpoena was a "final decision" that the parties could have immediately appealed but did not) (additional citations omitted). After failing to appeal the April 21, 2017 Order of enforcement, the DEA subsequently chose not to appeal this Court's October 24, 2017 Order denying the agency's first Rule 60(b)(5) motion.

Too clever by half, the DEA attempts to resurrect its forfeited appeal rights by taking advantage of the lack of a definite time limit for motions filed under Rule 60(b)(5), and this Court's prior suggestion that a successive motion could be "appropriate" under narrowly defined circumstances.[9] As no such circumstances exist, the undersigned can do little more but reiterate and expand upon the Court's prior reasoning for denying the DEA's first Rule 60(b)(5) motion.

---

[9]The DEA boldly asserts that based on its prior Rule 60(b)(5) motion, "any separate appellate rights on *this* motion" are "merg[ed]" with the Court's April 21, 2017 Order. (Doc. 38 at 1, citing Fed. R. App. P. 4(a)(4)(A)(vi)).

As the undersigned previously wrote: "An agency that has been directed to comply with a district court's order has no authority to simply disregard it through use of a procedural end-run." (Doc. 33 at 8). If the DEA's first Rule 60(b)(5) motion was a procedural end-run, this second motion is nothing short of a "Hail Mary." The DEA's successive Rule 60(b)(5) motion is denied for the same reason as its first - because it is based upon a fundamentally untenable procedure, whereby the DEA Administrator created its own "changed circumstance" by "quashing" an Order that already had been determined by this Court to be valid and enforceable, rather than either choosing to comply with this Court's Order or to file a further appeal.

When this judicial case was filed and the DEA filed its response to Miami-Luken's initial motion to enforce the subpoena, the agency not only had ample opportunity to present its arguments relating to the CALJ's authority (or lack thereof) to issue the subpoena, the scope of the subpoena, the relevancy of the materials, and issues of privilege, but it fully availed itself of that opportunity. Indeed, the DEA argued quite forcefully more than two years ago that the subpoena is unenforceable because it is not "in accordance with law." (*See* Doc. 11 at 3, 10, 17-21, Gov't Notice at 1-10 (May 18, 2016)). The DEA argued that the issuance of the subpoena was contrary to regulatory authority as well contrary to the policies, custom and practice of the DEA. Relevant to the now-pending "renewed" Rule 60(b)(5) motion, the DEA also argued in its 2016 response in opposition to Miami-Luken's motion to enforce the subpoena that this Court lacked jurisdiction under the Administrative Procedures Act, and/or that Miami-Luken's motion to enforce the subpoena should be denied under the prudential ripeness doctrine. In fairly extensive analysis, the undersigned rejected that jurisdictional challenge in the Memorandum Order of July 15, 2016. (Doc. 15 at 5-11)

In Objections to the July 15, 2016 Memorandum Order filed before U.S. District Judge Dlott, and at oral argument held on February 17, 2017, the DEA reiterated its positions that this Court lacked jurisdiction to review the subpoena, that the subpoena exceeded the scope of the CALJ's authority to issue an adjudicatory subpoena, that the DEA Administrator should have been permitted to further review the subpoena, and that none of the documents referenced in the subpoena (even as narrowed by this Court) were "necessary" to the hearing. (*See generally* Docs. 18, 23). In adopting the undersigned's Memorandum Order as the final Order of this Court on April 21, 2017, Judge Dlott rejected the DEA's various challenges to judicial enforcement, including jurisdictional challenges and including the agency's position that the CALJ "is not the final arbiter of the legality of the subpoena or DEA's compliance with it," but instead that the DEA Administrator "has final authority over the subpoena." (Doc. 18 at 4).

In sum, this Court clearly held not later than April 21, 2017 in the Order overruling the DEA's Objections to the July 15, 2016 Memorandum Order of enforcement that this Court had jurisdiction to compel enforcement of the subpoena issued by the CALJ, and that the doctrine of prudential ripeness did not apply, rejecting further review by the Administrator. (*See also* Doc. 33 at 11). After full review of the legality of the issuance of the subpoena and its scope, this Court ended proceedings by ordering enforcement of the administrative subpoena, as modified by the Court. (*See* Doc. 24, terminating case).

A district court ruling that enforces an administrative subpoena is considered to be a final appealable order. *See generally United States v. Van*, 931 F.2d 384, 386 (6th Cir. 1991); *McLane Company, Inc. v. EEOC*, 137 S. Ct. 1159 (2017) (holding that a district court's decision to enforce or quash an administrative subpoena should be reviewed by

appellate courts under abuse of discretion standard).  The Sixth Circuit confirmed this same principle in the related litigation:

> [The DEA] argues that "appellate courts have jurisdiction over district court enforcement orders of administrative subpoenas inasmuch as they are 'final orders.'" With this we do not quarrel. When a district court enforces a subpoena issued in the context of an ongoing administrative proceeding, the district court has issued a "final decision." In such a case, the district court has fully resolved the only question before it, "leav[ing] nothing for the court to do but execute the judgment." *Catlin*, 324 U.S. at 233, 65 S.Ct. 631 (citation omitted); *see Doe v. United States*, 253 F.3d 256, 261 (6th Cir. 2001) ("In the case of administrative subpoenas, parties may immediately appeal district court orders enforcing these subpoenas, as the Supreme Court has deemed them to be 'self-contained, so far as the judiciary is concerned.'" (quoting *Cobbledick v. United States*, 309 U.S. 323, 330, 60 S.Ct. 540, 84 L.Ed. 783 (1940))).

*Miami-Luken*, 900 F.3d at 742.

Rather than taking the only recourse available to him by appealing this Court's April 21, 2017 Order enforcing the subpoena to the Sixth Circuit, the Acting Administrator issued a May 12, 2017 order purporting to quash the same subpoena.  The administrative order articulated reasons that mirrored the arguments previously presented to and expressly rejected by this Court.  (See Doc. 25-1).[10]  The DEA then returned to this Court with its first Rule 60(b)(5) motion, arguing that "changed circumstances" - the Acting Administrator's purported quashing of the subpoena that this Court had enforced - required this Court to set aside its Order of enforcement.  This Court rejected the DEA's

---

[10]Of course, even before the DEA first presented those arguments to the undersigned magistrate judge in 2016 and reiterated them in its Objections to the July 15, 2016 Memorandum Order, the DEA presented nearly all of the same arguments to the CALJ.  (*See generally*, Doc. 11 and Doc. 11-3, Gov't Resp. To Resp't's Req. for Issuance of a Subpoena (April 7, 2016) and Decl. of Anthony D. Williams, Doc. 1-8 (May 18, 2016)).  After the CALJ and this Court both rejected those arguments, the DEA took additional unusual procedural steps to continue to avoid compliance at the administrative level, which ultimately led the DEA to file its first Rule 60(b)(5) motion.  (See CALJ May 15, 2017 Stay Order, Doc. 28-1 at 4 and n.1, describing a number of "challenging" (i.e., logically inconsistent) positions taken by the DEA Administrator to explain "why a compliance review of the District Court's Order would provide the DEA Administrator with a legal procedural opportunity to review" the "propriety and legality" of the subpoena.)

attempt to circumvent the appeal process in this manner. In its more recent opinion, the Sixth Circuit quoted the following portion of the analysis denying Rule 60(b)(5) relief:

> To the extent that the DEA Administrator continued to object to complying with the Court's Order, his recourse was to file an appeal with the Sixth Circuit Court of Appeals. After this Court entered its Order, the DEA had no authority to re-determine issues previously reviewed and determined by this Court. The only discretion expressly given to the DEA by this Court was to implement "reasonabl[e]" redactions of "sensitive information in …investigative reports not relevant to the [DEA's] findings as they relate to Miami-Luken – for example, investigatory techniques." Nothing in this Court's Order permitted the DEA Administrator to set aside the subpoena, as if this Court's rulings were of no effect.

*Id.*, at 740-41 (internal citations omitted, quoting Doc. 33 at 12).

In the August 1, 2017 R&R denying the DEA's first Rule 60(b)(5) motion, adopted on October 24, 2017, the Court rejected the suggestion that because the DEA Administrator has authority over privilege assertions, the Administrator could review the validity of the subpoena. (*See* Doc. 33 at 9, 12). The undersigned also rejected the notion that the "quashed" subpoena had been rendered moot. (Doc. 33 at 12, distinguishing cited cases where a motion to quash a subpoena is rendered moot by the *opposing party's* decision to withdraw that subpoena).

As reflected in language quoted by the Sixth Circuit, this Court unequivocally rejected the contention that the DEA had any "authority to re-determine issues previously reviewed and determined by this Court" or "to set aside the subpoena, as if this Court's rulings were of no effect." *Id.* Thus, this Court rejected the DEA's Rule 60(b) arguments that the documents were no longer needed for the administrative adjudicatory hearing, and/or that the DEA Administrator had the authority to overrule the CALJ's decision to issue the subpoena independent of any interlocutory appeal. (Doc. 33 at 13-15, explaining regulatory structure and authority under the APA).

It is unnecessary to wade too deeply into the scope of the DEA Administrator's authority over an ALJ who has declined interlocutory review prior to a judicial appeal, because that is not the issue before this Court. <u>To the extent that the DEA Administrator possesses authority to overturn the CALJ's denial of interlocutory appeal or to independently quash an adjudicatory subpoena issued by the CALJ, any such authority did not survive issuance of this Court's Order. To paraphrase the DEA's own argument, to allow the DEA Administrator to take such an approach would elevate the DEA Administrator over this Court. In the orderly administration of justice, appeals from agency decisions under the APA flow in one direction – from the agencies to the federal courts – not the other way around.</u> *See generally Mefford v. Garner*, 383 F.2d 748, 758 (6th Cir. 1967) (holding that it is the duty of an agency to comply with the mandate of the court without variation and without departing from such directions, and that if a cause is remanded for a specified purpose, any inconsistent proceeding is error).

After this Court's contrary ruling, the DEA lacked authority to overrule this Court and conclude that the documents are not relevant, material, or necessary for the revocation hearing…. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

(*Id.* at 15, emphasis added); *see also In re Horvath*, 572 B.R. 864, 876 (N.D. Ohio 2017) (holding that where a party fails to appeal an adverse judgment, a Rule 60(b)(4) motion filed after the time for ordinary appeal has expired is "an inappropriate attempt to use Rule 60(b)(4) as a substitute for a timely appeal") (collecting cases).

Ultimately, the undersigned magistrate judge denied Rule 60(b)(5) relief on the basis that the Acting Administrator's May 12, 2017 Order, purportedly quashing a subpoena *after* this Court already had ordered enforcement against the agency, was of no legal effect and could not support Rule 60(b)(5) relief.

The Administrator may not agree with this Court's decision to enforce the subpoena issued by the CALJ, but he cites no authority to overturn it at this late juncture. After this Court reviewed and issued a final order of enforcement, the DEA Administrator could not "quash" the same subpoena on grounds that this Court had already rejected. "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order 'if a significant change either in factual

conditions or in law renders enforcement detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo* v. *Inmates of Suffolk County Jail,* 502 U.S. 367, 384 (1992)).

The DEA has failed to carry its heavy burden of showing a significant change in law or fact. The undersigned does not agree that the DEA Administrator's attempt to effectively overturn this Court's decision by quashing the subpoena on grounds previously rejected by the Court can constitute a significant change in law or fact. *See Northridge Church v. Charter Twp. Of Plymouth*, 647 F.3d 606, 618 (6th Cir. 2011) (denying Rule 60(b)(5) motion based on party seeking to escape judgment based on its own voluntary actions).

(Doc. 33 at 12-13).

In filing its August 28, 2018 motion to enforce judgment, Miami-Luken clearly understood the reasoning and import of this Court's October 24, 2017 Order adopting the R&R in full and denying Rule 60(b) relief. To emphasize the point, the appellate court wrote that "[g]iven the district court's denial of the Administrator's 60(b) motion in the separate litigation, it is unclear what further relief Miami-Luken seeks in our court." *Miami-Luken*, 900 F.3d at 741 n.1.

Almost any virtue, in its extreme, can become a fault. The DEA's overzealous advocacy in this case reflects no virtue. In the DEA's renewed motion for Rule 60(b)(5) relief, the DEA first proclaims that the motion was expressly authorized by this Court when it denied the DEA's first Rule 60(b)(5) "without prejudice, subject to renewal upon the Sixth Circuit's resolution" of the related case. (Doc. 38 at 1). That is a gross mischaracterization. This Court denied the DEA's prior motion "without prejudice" limited to the filing of a renewed motion under *narrowly defined circumstances that are <u>not</u> present here*.

The DEA next proceeds to argue identical "changed circumstances" as were previously argued to this Court and rejected in the August 1, 2017 R&R. (*See* Doc. 38 at 3, "[T]here has been a subsequent change in factual conditions, specifically the DEA

Administrator quashed the underlying subpoena, see Order by DEA Administrator…").[11]
No change has occurred since this Court last denied Rule 60(b) relief.

In what is best described as "spin," the DEA argues that its Administrator's order allegedly "quashing" the subpoena "remains in full effect following a direct challenge to it in the Sixth Circuit by Miami-Luken." (*Id.*).  Ignoring the generous block quotations from this Court's prior decision, the DEA points out that the Sixth Circuit "did not adopt" or quote two phrases in which this Court characterized the DEA's May 17, 2017 order as a "procedural end-run" and some of its arguments as "disingenuous."  (Doc. 38 at 6-7).

The only portion of the DEA's renewed Rule 60(b) argument that rings true is that the Sixth Circuit's decision had no effect on the DEA's May 17, 2017 order "purporting to quash" the subpoena that this Court had already enforced.[12]  *Miami-Luken*, 900 F.3d at 739.  But the Sixth Circuit's decision also had no impact on this Court's Order denying Rule 60(b)(5) relief and enforcing the subpoena.  "[W]e have not been asked to review the *district court's* order enforcing in part the ALJ's subpoena. Neither party has appealed that ruling." *Miami-Luken, Inc.*, 900 F.3d at 742.

When this Court last denied Rule 60(b)(5) relief, it reaffirmed the vitality of the Court's April 21, 2017 Order, holding that the Administrator's subsequent action had no legal effect on this Court's preceding Order enforcing the subpoena.  "After this Court entered its Order, the DEA had no authority to re-determine issues previously reviewed

---

[11]The DEA not only relies on the same arguments, but cites the same case law explicitly discussed and rejected in the August 1, 2017 R&R.

[12]The DEA argues that "the core findings of the Report and Recommendation were before the Sixth Circuit, and they were not adopted," suggesting it would be "inequitable to enforce the Court's prior ruling that was based on findings that were not sustained by the Sixth Circuit."  (Doc. 38).  This is nonsense.  The R&R and this Court's October 24, 2017 Order adopting it were never "before the Sixth Circuit" because the DEA did not appeal that Order, and the related case that was before the appellate court was dismissed for lack of jurisdiction.  While dicta, the appellate court's decision contained extensive quotations from the R&R that was adopted as the opinion of this Court.  The undersigned does not agree that those quotations signaled a "refus[al] to embrace the rationale that this Court had relied upon to justify enforcement of the subpoena." (Doc. 39 at 1).

and determined by this Court..... Nothing in this Court's Order permitted the DEA Administrator to set aside the subpoena, as if this Court's rulings were of no effect." (Doc. 33 at 12).  The Court restated this same conclusion multiple times:

> The Administrator may not agree with this Court's decision to enforce the subpoena…but he cites no authority to overturn it at this late juncture.  After this Court reviewed and issued a final order of enforcement, the DEA Administrator could not 'quash' the same subpoena on grounds that this Court had already rejected.

(Doc. 33 at 12).

> To the extent that the DEA Administrator possesse[d] authority …to independently quash [the] adjudicatory subpoena…such authority did not survive issuance of this Court's [April 21, 2017] Order….  In the orderly administration of justice, appeals from agency decisions under the APA flow in one direction – from the agencies to the federal courts – not the other way around.

(*Id.* at 15).

Neither party appealed either this Court's April 21, 2017 Order enforcing the subpoena or the denial of Rule 60(b)(5) relief on October 24, 2017.  The Sixth Circuit's decision did not directly address this Court's Orders.  Therefore, the Sixth Circuit's opinion provides no new grounds for Rule 60(b)(5) relief.[13]  The undersigned incorporates, as if fully restated, all grounds previously addressed in the August 1, 2017 R&R denying the DEA's prior Rule 60(b)(5) motion.

The DEA next argues that because the Court of Appeals for the Sixth Circuit held that it lacked jurisdiction over Miami-Luken's motion to vacate the DEA Administrator's May 2017 Order, this United States District Court also "lacked jurisdiction over the subpoena enforcement matter from the outset because discovery disputes at the

---

[13]Because the Sixth Circuit determined that it lacked jurisdiction, all commentary is dictum.  Nevertheless, the appellate court recognized that Miami-Luken had already been granted the relief it sought in this Court based upon the enforcement of the subpoena and denial of the DEA's Rule 60(b)(5) motion. *Id.*, 900 F.3d at 741 n.1

administrative level are not final matters over which federal courts may exercise jurisdiction." (Doc. 38 at 3-4). This argument fails on multiple levels. First, the DEA previously raised a jurisdictional challenge, which the undersigned expressly rejected in her Memorandum Order of July 15, 2016. (Doc. 15). The presiding district judge then reviewed the DEA's objections "de novo" and heard oral argument but came to the same conclusion in its April 21, 2017 Order of enforcement. (Doc. 24).

As a general principle, subject matter jurisdiction can be challenged at any time. "However, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks and additional citation omitted). Once a challenge to subject matter jurisdiction has been rejected and decided against a party, res judicata precludes that party from relitigating the issue under the guise of a Rule 60(b) motion.

> A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not…reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2104, 456 U.S. 694, 702 (1982); *see also Pratt v. Ventas, Inc.*, 365 F.3d 514, 521-522 (6th Cir. 2005).

The finality of judgments is further reflected by Rule 60(b)'s requirement that all motions "be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the preceding." Although the DEA's jurisdictional challenge technically arises under Rule 60(b)(4) which is not

subject to the one-year limit,[14] the DEA still was required to file its challenge within a "reasonable time." *U.S. v. Dailide*, 316 F.3d 611, 617 (6th Cir. 2003). The DEA's second motion was not filed in a "reasonable time" under the unique circumstances presented here. *Id.*, 316 F.3d at 617-18 (holding that Rule 60(b)(4) motion challenging subject matter jurisdiction was not filed within a reasonable time, because no rule would have prevented Defendant from filing jurisdictional challenge while appeal was still pending rather than waiting for its conclusion); *accord In re Alma Energy*, 521 B.R. 1, 11 (E.D. Ky. 2014) (noting that the Sixth Circuit enforces the "reasonable time" limit for Rule 60(b)(4) jurisdictional challenges "with a stringency unusual among the courts of appeals") .

Last, while there would be little point in cutting and pasting this Court's extensive prior analysis on the jurisdictional issues, the undersigned strongly disagrees with the DEA's contention that the appellate court's determination that it lacked jurisdiction to review the May 12, 2017 order as a "final action" under 21 U.S.C. § 877 is identical to a finding that this district court lacked jurisdiction over the original subpoena enforcement proceeding. The DEA significantly misreads the Sixth Circuit's opinion when it characterizes the jurisdictional distinctions between the different scopes of review as "meaningless" and "formalistic." (Doc. 42 at 3). *See Miami-Luken*, 900 F.3d at 741-742 (explaining the distinctions between review of a district court's order enforcing an ALJ's subpoena, and review of an order by the Administrator; *see also* Doc. 15 at 5-11, explaining that a subpoena is judicially reviewable as an "agency action made reviewable by statute" and provisions for review of administrative subpoenas). But even if the DEA were correct and there were no procedural or res judicata bar to relitigating its jurisdictional arguments, the undersigned *still* would recommend denial of the DEA's

---

[14]The DEA improperly cites to Rule 60(b)(5) for this argument. A challenge to subject matter jurisdiction does not rest on equitable principles but renders a judgment "void" under Rule 60(b)(4).

second Rule 60(b) motion because this Court had an "arguable basis" for the exercise of jurisdiction when it issued the April 21, 2017 Order enforcing the subpoena. *See generally, In re Alma Energy*, 521 B.R. at 16-19 (denying Rule 60(b)(4) motion based on original "arguable basis" for jurisdiction even where later Sixth Circuit decision in related case repudiated that basis for jurisdiction); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367 (2010) (observing that Rule 60(b)(4) relief is reserved "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.") (additional citation omitted); *Eglinton v. Loyer* (*In re G.A.D., Inc.*), 340 F.3d 331, 336 (6th Cir. 2003); *Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992).

### B. Miami-Luken's Motion to Enforce April 21, 2017 Order

Having expanded upon the prior analysis in far more detail than would have been thought necessary under the circumstances, the undersigned will write no more. Miami-Luken's motion to enforce the Court's April 21, 2017 Order should be granted, and the Order should be enforced.

### III.     Conclusion and Recommendation

This R&R contains stronger criticism than the undersigned feels comfortable using in Reports and Recommendations. As a member of the federal judiciary, the undersigned is accustomed to the high caliber of representation typically employed by the United States and its agencies. Unfortunately, the recent arguments made by the DEA seem to be an exception to that rule. Vigorously advocating for one's position is expected and the DEA certainly does that here. However, in doing so, the DEA moves beyond vigorously advocating its position and comes dangerously close to violating Fed. R. Civ. Proc. Rule 11.

For the reasons first discussed in the Memorandum Order of July 15, 2016, as adopted on April 21, 2017, and as further explained in the August 1, 2017 R&R and above,

**IT IS RECOMMENDED THAT:**

(1)      Miami-Luken's Motion to Enforce this Court's April 21, 2017 Order (Doc. 37) should be **GRANTED** and the DEA be directed to comply with the subpoena within 21 days of any Order adopting this R&R;

(2)      The DEA's Renewed Rule 60(b) motion (Doc. 38) should be **DENIED**.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MIAMI-LUKEN, INC.,                                Case No. 1:16-mc-012

      Plaintiff,                              Dlott, J.
                                                  Bowman, M.J.

   v.

UNITED STATES
DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).